### In the matter of the Croton Insurance Company.

Where an insurance company is interested in the prosecution of an appeal from a decree of salvage, and a third person, at the request of the corporation, becomes surety for the appellant, and the company becomes insolvent pending the appeal, the surety is not entitled to a priority in payment out of the property of the corporation, in the hands of a receiver, for the money which such surety is afterwards compelled to pay upon the appeal bond; although the liabilities of the corporation were considerably diminished by the result of such appeal.

*Aliter* where a third person becomes surety for the receiver of an insolvent corporation, upon an appeal brought by him for the benefit of the fund to which he is entitled as receiver, or where the fund coming to the hands of a receiver is actually increased to the extent of the moneys which such third person is obliged to pay in consequence of his having become such surety.

A person who pays money as surety for an insolvent corporation, is not entitled to a priority of payment, over other creditors of the corporation, out of its corporate property, in the hands of a receiver appointed by the court of chancery to close up the affairs of the company; but he is entitled to be paid rateably with other creditors, although he is not compelled to pay the claim for which he became liable, as surety until after the appointment of the receiver.

This case came before the chancellor upon the petition of C. S. Wayne, for a priority in payment, out of the assets of the Croton Insurance Company, in the hands of the receiver; the company being insolvent. Previous to the insolvency of the corporation it had insured the schooner Emeline Peterson, by a time policy. During the continuance of the risk, the schooner was wrecked, and was abandoned by the master and crew. Subsequently, Hill and Wheaton, with the assistance of the master and crew, got the schooner off the shoals, upon which she had been wrecked, and brought her into Philadelphia. Hill and Wheaton there libelled her for salvage, and the master and crew intervened in that suit, by a supplementary libel, also claiming salvage for themselves. A decree was made awarding salvage to all the libellants, to the amount of $1278, with costs. The insurance company, being liable to pay the amount of this decree, under its policy upon the vessel, appealed in the name of the owner of the vessel; and the petitioner, at the request of the corporation, became security to abide the judgment of the court upon the appeal. The schooner was thereupon released

from the custody of the marshal, and was afterwards removed from the jurisdiction of the court, by the owner. Pending this appeal, the corporation became insolvent, and a receiver was appointed to wind up its affairs. The appeal was afterwards prosecuted to a decision, as the petitioner alleged, by the receiver; but the receiver denied that it was prosecuted by him, or by his authority or consent, or for his benefit. Upon the hearing of the appeal the supplemental libel was dismissed, and the salvage upon the vessel and cargo was reduced to $800; leaving the proportion thereof which was chargeable upon the schooner, or its owner, and which the petitioner was liable to pay in consequence of his becoming such security upon the appeal, $590,17, including costs.

*G. R. J. Bowdoin,* for the petitioner.

*O. L. Barbour,* for the receiver.

THE CHANCELLOR. Upon the facts stated in this petition, the petitioner is entitled to have the amount which he is liable to pay, on account of his suretiship, allowed as a just claim against the assets of the corporation, in the hands of the receiver; and to be discharged rateably with the claims of other creditors, when he shall have paid the same to the libellants, so as to discharge the corporation from any further claim of the libellants, or of the owner of the vessel, for the amount for which he is liable upon the appeal. To this extent the receiver swears he has offered to allow and register the claim, to be paid rateably with the claims of other creditors, out of the assets of the company, which may come to his hands for distribution. And I see nothing in the facts of this claim entitling it to a preference in payment out of the funds which are in the hands of the receiver, over other debts due from this insolvent corporation.

Wayne's contract was with the corporation, before its insolvency, and not with the receiver; and the effect of the decision upon the appeal was not to increase the funds in the hands of the receiver, but merely to diminish the amount of a

claim which, if the original decree had not been appealed from, would have been payable out of the corporate funds rateably with all other debts. The claim of the petitioner would have been entirely different if he had become the surety upon an appeal brought by the receiver of the corporation, after his appointment as such receiver, and at his request; or if the funds in the hands of the receiver had actually been increased by any thing done by the petitioner for him, or at his request.

Petition dismissed.